

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2004

# Kho v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kho v. Atty Gen USA" (2004). *2004 Decisions.* Paper 102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: 03-4185

FUI KIM KHO,
Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of Removal
from the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
BIA No.: A79 086 809

Submitted: November 12, 2004

Before: McKEE, CHERTOFF, Circuit Judges and BUCKWALTER Senior District
Judge.[*]
(Opinion filed: December 6, 2004)

OPINION

McKEE, Circuit Judge.

Fui Kim Kho petitions for review of the Board of Immigration Appeal's Order

affirming the Immigration Judge's Order of Removal.

**I. JURISDICTION**

---

[*] Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Before discussing the merits of Petitioner's claim, we must address the government's contention that her failure to comply with the one year filing requirement contained in INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(B) precludes our review absent Petitioner establishing that she was prevented from complying with that requirement by "extraordinary circumstances." *See Tarrawally v. Ashcroft*, 338 F.3d 180, 184-5 (2d Cir. 2003).

The IJ found that Petitioner's application for asylum was filed after the requisite filing period and that the she had not demonstrated any "extraordinary circumstances" to excuse the late filing. The BIA affirmed the IJ's legal and factual conclusions, and nothing on this record suggests that the BIA erred in doing so. Accordingly, pursuant to our decision in *Tarrawally* and the dictates of 8 U.S.C. § 208(a)(2)(B), we lack jurisdiction to now review the IJ's decision. Although we need say nothing more of Petitioner's claim, given the nature of her harm she alleges she would suffer upon removal, we think it preferable to also explain that Petitioner would not qualify for relief even if she had filed a timely application for relief.

## II. DISCUSSION

Kim Kho is a native and citizen of Indonesia. She alleges that she was raped and persecuted in her native land because of her Chinese ethnicity and her Christian faith.

2

The Attorney General has discretion to grant asylum to an alien who qualifies as a "refugee." 8 U.S.C. § 1158(b). The Immigration and Naturalization Act defines a "refugee" as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in particular social group, or political opinion.

8 U.S.C. § 1101(a)(42(A). In order to meet this standard, an alien must show that he/she has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility. *Chang v. INS*, 119 F.3d 1055, 1166 (3d Cir. 1997). The BIA concluded that Petitioner had not introduced sufficient evidence to support a subjective fear of persecution, and we must affirm the denial of relief if it is supported by "substantial evidence." *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ..." *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939) (internal citations omitted).

Petitioner alleges that she was raped in Indonesia in a part of town where she knew no one, and that she had no identification with her. She nevertheless claimed that her

parents were notified by the hospital where she was being treated. She could not articulate any specific injuries, and never reported the alleged rape to the Indonesian police. Moreover, she "remained in Indonesia for two years after the most recent incident without any further problems from the persons in her neighborhood who had purportedly assaulted her." A.R 2.

Moreover, although Petitioner alleges that she was raped because of her Chinese ethnicity and Christian beliefs, the record does not support that conclusion. She admits that she has never been baptized, and could not provide any evidence of her religious affiliation despite being given an extension to obtain testimony from a local pastor. Based upon this record, the Immigration Judge found her claims of persecution were not credible and the BIA affirmed. That credibility determination is consistent with the record, and we believe Petitioner therefore failed to satisfy her burden of proving that she is a "refugee".[1]

## III.

Based on the foregoing analysis, we will affirm the Board of Immigration Appeals September 30, 2003 Decision and Order.

---

[1]Since petitioner's claim for asylum fails, she can not satisfy the more demanding standard for withholding of removal. See *Shardan*, 382 F.3d 318 (3d Cir. 2004).